**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------X

MICHELE CIANCI,      :

          :

   Plaintiff,     :

          :

   v.        :

          :

BRIGHT HORIZONS CHILDREN'S :

CENTERS LLC,      :

          :

   Defendant.    :

---------------------------------------------------X

Case No. 7:19-cv-01008-KMK

**AMENDED**
**COLLECTIVE ACTION**
**COMPLAINT AND**
**JURY DEMAND**

### PLAINTIFF'S AMENDED COLLECTIVE ACTION COMPLAINT

Plaintiff Michele Cianci (collectively "Plaintiff"), individually and on behalf of all others similarly situated who may join this action (collectively "Plaintiffs"), by their attorneys Shavitz Law Group, P.A., alleges as follows:

### NATURE OF THE ACTION

1. This lawsuit seeks to recover overtime compensation for Plaintiff and similarly situated individuals who have worked as Assistant Directors or in comparable roles with different titles ("ADs") for BRIGHT HORIZONS CHILDREN'S CENTERS LLC ("Bright Horizons" or "Defendant") anywhere in the United States.

2. "Founded in 1986, Bright Horizons Family Solutions is a leading provider of high-quality child care, early education, back-up dependent care and educational advisory services designed to help employers and families better address the challenges of work and family life." http://investors.brighthorizons.com/

3. Bright Horizons "service offerings include:

- Center-based full service child care and early education;

- Back-up dependent care; and

- Educational advisory services

*Id.*

4.　　As of December 31, 2017, Bright Horizons had more than 1,100 client relationships with employers and operated 1,038 child care and early education centers across a wide range of customer industries with the capacity to serve approximately 116,000 children. *Id.*

5.　　In order to minimize labor costs, Bright Horizons staffs its centers leanly and strictly manages hours worked by non-exempt, hourly workers to avoid paying them overtime. To compensate for this deliberate understaffing, Bright Horizons relies heavily on its salaried ADs to help staff the centers when there are not enough hourly employees to properly do so. Because of Bright Horizon's long hours which cater to working families and lean staffing model, ADs regularly work in excess of forty (40) hours per workweek and frequently work ten or more hours a day.

6.　　Although Bright Horizons characterizes them as "managers," ADs are not responsible for true management functions.  To the contrary, ADs spend the vast majority of their time performing the same duties as non-exempt, hourly employees.  ADs' primary duties, which occupy the majority of their time, are: providing facility tours, answering phones, addressing customer matters at the front desk, helping teachers in the classrooms, making sure that facilities were clean, and helping staff clean.

7.　　The primary duties of ADs do not fall within any of the exemptions under federal or state overtime laws.

8.　　The primary duties of the AD position do not vary among Bright Horizons' locations.

9.     Throughout the relevant period, Bright Horizons' policy across its locations has been to uniformly classify ADs as exempt from federal and state overtime provisions and not pay ADs any overtime wages.

10.     Bright Horizons regularly requires ADs to work in excess of 40 hours per workweek.

11.     By the conduct described herein, Defendant has violated the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, ("FLSA") by failing to pay ADs, including Plaintiff and others similarly situated, the overtime wages they have earned and to which they are entitled by law.

12.     Plaintiff brings this action on behalf of themselves and similarly situated current and former employees of Defendant nationwide who elect to opt-in to this action pursuant to the FLSA and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage and hour provisions of the FLSA by Defendant that have deprived Plaintiff and others similarly situated of their lawfully earned wages.

**THE PARTIES**

***Plaintiff Michele Cianci***

13.     Plaintiff Michele Cianci ("Cianci") is an adult individual who is a resident of Mohegan Lake, New York.

14.     Cianci was employed by Defendant as an AD from approximately October 2017 to March 2018, at a Bright Horizons center in White Plains, New York.

15.     Defendant paid Cianci an annual salary of approximately $44,000.

16.     Pursuant to Defendant's policy, pattern, and/or practice, Cianci regularly worked more than 40 hours in a workweek, but was not compensated for overtime hours worked.  Cianci typically worked between 45 and 50 hours per week.  For example, during the workweeks of

November 6, 2017 and November 13, 2017, Cianci worked approximately 48 hours. Cianci was not paid overtime wages during these or any other workweeks for the hours she worked as an AD in excess of 40 each week.

17.     Defendant scheduled Cianci to work at least 45 hours in most workweeks – five shifts of nine hours each.

18.     At all times relevant hereto, Cianci was a covered employee within the meaning of the FLSA.

19.     A written consent form for Cianci was previously filed with the Court.

### *Defendant Bright Horizons Children's Centers LLC*

20.     Bright Horizons is a Delaware corporation with a principal place of business in Watertown, Massachusetts.

21.     At all relevant times, Defendant was an "employer" within the meaning of the FLSA.

22.     Throughout the relevant period, Defendant employed Plaintiff and other ADs within the meaning of the FLSA. Defendant has had substantial control over Plaintiff's and other ADs' working conditions and the unlawful policies and practices alleged herein.

23.     At all times relevant, Defendant maintained control, oversight and direction over Plaintiff and other ADs, including timekeeping, payroll and other employment practices that applied to them.

24.     Defendant applies the same employment policies, practices, and procedures to all ADs.

25.     At all times relevant, Defendant's annual gross volume of sales made or business done was not less than $500,000.

## JURISDICTION AND VENUE

26.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337.

27.     This Court also has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

28.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(3) because Plaintiff resides in the District and the conduct giving rise to the Complaint arose, in part, in this District.

## COMMON FACTUAL ALLEGATIONS

29.     Throughout their employment with Defendant, Plaintiff and other ADs regularly worked in excess of 40 hours per week.

30.     Defendant was aware that Plaintiff and other ADs worked more than 40 hours per workweek, yet Defendant failed to pay them overtime compensation for any of the hours worked over 40 in a workweek.

31.     Defendant failed to keep accurate records of the hours that Plaintiff and other ADs worked.

32.     The primary duties of Plaintiff and other ADs were non-exempt in nature.  They performed the same duties as the hourly employees who were entitled to overtime such as providing facility tours, answering phones, addressing customer matters at the front desk, helping teachers in the classrooms, making sure that facilities were clean, and helping staff clean.

33.     Plaintiff and other ADs were closely supervised by the center's Director, and through common corporate policies and procedures that defined and circumscribed their work. Directors were responsible for the overall performance of the centers, and for coaching,

evaluating and disciplining center employees.  Plaintiff and other ADs were not responsible for the overall performance of the centers, or for coaching, evaluating or disciplining employees.

34.    Plaintiff and other ADs did not have authority to hire or fire center employees, nor did they have much, if any, input into who was hired and fired.

35.    During the relevant period, Defendant uniformly classified ADs as exempt from federal and state overtime pay requirements.

36.    All of the work that Plaintiff and other ADs performed was assigned by Defendant and/or Defendant has been aware of all of the work that Plaintiff and other ADs performed.

37.    Upon information and belief, Defendant's unlawful conduct has been pursuant to a corporate policy or practice of minimizing labor costs by violating the FLSA and state wage and hour laws.

38.    Defendant was aware, or should have been aware, that federal and state wage and hour laws required it to pay Plaintiff and other ADs overtime compensation for hours worked in excess of 40 per week.

39.    Defendant was aware, or should have been aware, that Plaintiff's and other ADs' primary duties were providing facility tours, answering phones, addressing customer matters at the front desk, helping teachers in the classrooms, making sure that facilities were clean, and helping staff clean.

40.    Defendant's failure to pay Plaintiff and other ADs overtime was willful.  Upon information and belief, Defendant failed to analyze whether Plaintiff and other ADs was correctly classified as exempt.  Defendant's unlawful conduct has been widespread, repeated, and consistent.

## COLLECTIVE-WIDE FACTUAL ALLEGATIONS

41.     Plaintiff brings the First Cause of Action, pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of herself and all similarly situated persons who work or have worked for Defendant as ADs at any Bright Horizons in the United States, on or after February 1, 2016, who elect to opt-in to this action (the "FLSA Collective").

42.     All of the work that Plaintiff, and the FLSA Collective have performed has been assigned by Defendant, and/or Defendant has been aware of all of the work that Plaintiff and the FLSA Collective have performed.

43.     As part of its regular business practice, Defendant has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the FLSA Collective.  This policy and pattern or practice includes, but is not limited to:

    a.     willfully failing to pay Plaintiff and the members of the FLSA Collective overtime wages for hours that they worked in excess of 40 hours per workweek;

    b.     willfully misclassifying Plaintiff and the members of the FLSA Collective as exempt from the protections of the FLSA; and

    c.     willfully failing to record all of the time that its employees, including Plaintiff and the FLSA Collective, have worked for the benefit of Defendant.

44.     Defendant is aware or should have been aware that federal law required it to pay employees performing non-exempt duties, including Plaintiff and members of the FLSA Collective, an overtime premium for hours worked in excess of 40 per workweek.

45.     Plaintiff and the FLSA Collective all perform or performed the same primary duties.

46.     Defendant's unlawful conduct has been widespread, repeated, and consistent.

**FIRST CAUSE OF ACTION**
**Fair Labor Standards Act – Overtime Wages**
**(On behalf of Plaintiff and the FLSA Collective)**

47.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

48.    Defendant has engaged in a widespread pattern and practice of violating the FLSA, as described in this Collective Action Complaint.

49.    Plaintiff has consented in writing to be parties to this action, pursuant to 29 U.S.C. § 216(b).

50.    At all relevant times, Plaintiff and other similarly situated current and former employees were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

51.    The overtime wage provisions set forth in §§ 201 *et seq.* of the FLSA apply to Defendant.

52.    Defendant is an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

53.    At all relevant times, Plaintiff and other similarly persons are, or were, employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

54.    Defendant failed to pay Plaintiff and other similarly situated current and former employees the overtime wages to which they were entitled under the FLSA.

55.    Defendant's violations of the FLSA, as described in this Collective Action Complaint, have been willful and intentional.  Defendant failed to make a good faith effort to comply with the FLSA with respect to their compensation of Plaintiff and other similarly situated current and former employees.

56.     Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies to this Cause of Action, pursuant to 29 U.S.C. § 255.

57.     As a result of Defendant's willful violations of the FLSA, Plaintiff and all other similarly situated employees have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201 *et seq*.

58.     As a result of the unlawful acts of Defendant, Plaintiff and other similarly situated current and former employees have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief:

A.     That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to the Collective Members.  Such notice should inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit, among other things;

B.     Unpaid overtime pay, and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

C.     Pre-judgment interest and post-judgment interest as provided by law;

D.     Appropriate equitable and injunctive relief to remedy violations, including but not necessarily limited to an order enjoining Defendant from continuing its unlawful practices;

E.     Reasonable incentive awards for the Plaintiff to compensate them for the time and

effort they have spent protecting the interests of other ADs, and the risks they have undertaken.

      F.      Attorneys' fees and costs of the action; and

      G.      Such other injunctive and equitable relief as this Court shall deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: New York, New York
       March 8, 2019

                         Respectfully submitted,

                         _____
                         Michael J. Palitz
                         SHAVITZ LAW GROUP, P.A.
                         800 3rd Avenue, Suite 2800
                         New York, New York 10022
                         Tel:    (800) 616-4000
                         Fax:   (561) 447-8831

                         Gregg I. Shavitz*
                         SHAVITZ LAW GROUP, P.A.
                         951 Yamato Road, Suite 285
                         Boca Raton, Florida 33431
                         Tel:    (561) 447-8888
                         Fax:   (561) 447-8831

                         ***Attorneys for Plaintiff and the FLSA Collective***

*pro hac vice* application forthcoming

- 10 -