

**Littler Mendelson, PC**
900 Third Avenue
New York, NY  10022.3298

Eli Z. Freedberg
212.583.2685 direct
212.583.9600 main
212.954.5011 fax
efreedberg@littler.com

March 22, 2019

**VIA ECF**

Hon. Kenneth M. Karas
United States District Court, Southern District of New York
300 Quarropas Street
White Plains, New York 10601-4150

Re:   *Cianci v. Bright Horizons Family Solutions, Inc.*; No. 7:19-cv-01008

Dear Judge Karas:

This firm represents Defendant Bright Horizons Family Solutions, Inc. ("Defendant") in the above referenced matter.  We write to request a pre-motion conference to address Defendant's contemplated motion to dismiss Plaintiff Michele Cianci's ("Plaintiff") Amended Collective Action Complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A pleading that merely offers "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," nor will "naked assertion[s] … without some further factual enhancement."  *Twombly*, 550 U.S. at 555, 557.

The Second Circuit has interpreted *Iqbal* and *Twombly* to require a plaintiff to assert more than a general failure to pay wages in order to state a claim under the Fair Labor Standards Act ("FLSA").  *See, e.g., Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 114 (2d Cir. 2013) (affirming dismissal of FLSA overtime claim because plaintiffs' claims were too speculative and plaintiffs did not "allege[] a single workweek in which they worked at least 40 hours and also worked uncompensated time in excess of 40 hours"); *DeJesus v. HF Mgmt. Servs., LLC.*, 726 F.3d 85, 89 (2d Cir. 2013) (affirming dismissal of overtime claims where, among other things, Plaintiff "did not estimate her hours in any or all weeks or provide any other factual context or content"); *Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 200–01 (2d Cir. 2013) (finding allegation that plaintiffs regularly worked in excess of 40 hours per week and were not paid for those hours insufficient to state a claim).

In this case, Plaintiff alleges that she "regularly worked more than 40 hours in a workweek, but was not compensated for overtime hours worked. Cianci typically worked between 45 and 50

Hon. Kenneth M. Karas
March 22, 2019
Page 2

hours per week. For example, during the workweeks of November 6, 2017 and November 13, 2017, Cianci worked approximately 48 hours. . ." (Amended Complaint, ¶16).  Although Plaintiff does provide numerical estimates of hours worked for a mere two weeks, she neglects to provide specific estimates for the remainder of her tenure at Defendant and she also fails to provide any other factual context to support her claim.  Among other things, Plaintiffs fails to identify the tasks she performed while allegedly working overtime during those two weeks, or what caused her to work overtime.  Plaintiff also fails to explain whether she came in early, stayed late, or took on additional shifts during those weeks. *See generally, Fridman v. GCS Computers LLC*, No. 17 CIV. 6698, 2018 WL 1581990, at *4 (S.D.N.Y. Mar. 27, 2018) *citing Perkins v. 199 SEIU United Healthcare Workers E.*, 73 F. Supp. 3d 278, 290 (S.D.N.Y. 2014) ("A plaintiff is 'reasonably expected to recall basic facts about his own work experience, such as when he worked overtime; whether he came to work early, stayed late, or took on additional shifts; approximately how many extra hours he worked per week; and the types of tasks he performed during his overtime hours'."). While Plaintiff "may not possess the complete documentary records regarding the hours that [she] worked," Plaintiff needs to provide "content and context to [her] allegations to make [her] overtime claim plausible." *Ayala v. Looks Great Servs., Inc.*, No. 14 Civ. 6035 (ADS) (SIL), 2015 WL 4509133, at *9 (E.D.N.Y. July 23, 2015); *see also Perkins*, 73 F. Supp. 3d at 289 (internal citations omitted) (dismissing FLSA overtime claim when the plaintiff's complaint alleged "only that, '[a]t all relevant times' since 2008, he 'was assigned and actually worked more than 40 hours per week,' and that the Hospital failed to pay him overtime compensation").[1]

In other words, despite the fact that Plaintiff estimates the hours she worked during two weeks, she ultimately does little more than "repeat the language of the statute."  *DeJesus*, 726 F.3d at 89.  This is insufficient to state a claim, as the missing details are needed to nudge Plaintiff's claim from conceivable to plausible.

Equally troubling is the fact that Plaintiffs' amended complaint includes no information or allegations concerning the ten individuals who have purported to opt-in to this lawsuit to date (*See* Dkt. Nos. 6-7).  As FLSA section 216(b)'s opt-in provision provides for a kind of permissive joinder of plaintiffs, *see Hoffman-La Roche Inc. v. Sperling,* 493 U.S. 165, 171 (1989) (describing court's "managerial responsibility" under section 216(b) as "oversee[ing] the joinder of additional parties to assure that the task is accomplished in an efficient and proper way") the individuals who have filed opt-in notices prior to Defendant's responsive pleading should be required to allege claims that meet the *Iqbal and Twombly* pleading standards if they want their heretofore unknown claims to survive a motion to dismiss.

For these reasons, Defendant respectfully requests a pre-motion conference to address its anticipated motion to dismiss.

---

[1] Plaintiff also fails to include factual allegations sufficient to plausibly state that any of the nine opt-in plaintiffs worked overtime hours for which they were not properly compensated.

Hon. Kenneth M. Karas
March 22, 2019
Page 3

Respectfully submitted,

*/s/ Eli Z. Freedberg*

Eli Z. Freedberg

EZF